## GROSS v. GORSCH.

(Supreme Court, Appellate Division, First Department. March 13, 1908.)

FRAUDS, STATUTE OF—REAL PROPERTY—CONTRACTS FOR SALE—PLEADING—AN-
    SWER SETTING UP STATUTE.
        Plaintiff, the owner of real estate, and defendant, the owner of a bond
    and mortgage on the property, agreed that defendant should be permitted
    to bid in the property on foreclosure sale, without competition, at as small
    a sum as possible, and that defendant would convey certain village prop-
    erty to plaintiff, who would give him a bond in a specified sum secured by
    mortgage on the village property. Defendant purchased the property at
    foreclosure sale for the amount due on the mortgage and expenses, but
    refused to convey the village property. Plaintiff's complaint alleged the
    making of the contract, but did not allege whether it was oral or in writ-
    ing, and demanded judgment in the alternative, for certain relief as to the
    property sold on foreclosure, or for specific performance of the agreement

to convey the village property. *Held*, that an answer alleging that the contract was oral, and setting up the statute of frauds, stated a good defense as to the relief demanded in respect to the conveyance of the village property.

Appeal from Trial Term.

Action by Paul Gross against Hugo Gorsch. From an interlocutory judgment sustaining a demurrer to a separate defense in an amended answer, defendant appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Henry S. J. Flynn, for appellant.
Herman Kahn, for respondent.

LAUGHLIN, J. Plaintiff alleges that on the 4th day of March, 1907, a decree of foreclosure was duly entered in an action for the foreclosure of a mortgage for $37,500, bearing date the 27th day of June, 1905, on premises on 128th street owned by him; that thereafter, and in or about the month of April, 1907, the defendant became the owner of the bond given to secure said mortgage and of the mortgage; that the defendant was the owner of certain premises described in the complaint, situate in the village of Nyack, in the county of Rockland, N. Y.; that on or about the 1st day of June, 1907, the plaintiff and defendant entered into an agreement by which plaintiff promised to convey to the defendant the said mortgaged premises, and the defendant agreed to convey to the plaintiff, in exchange therefor, his said premises in the village of Nyack "and take back a bond and mortgage upon the same in the sum of $8,000"; that on or about the 3d or 4th day of June, 1907, the plaintiff duly tendered performance of this agreement on his part, but that the defendant refused to perform, and thereupon another agreement was made between the parties by which it was understood that no conveyance of the mortgaged premises should be given by the plaintiff to the defendant, but that defendant should be permitted to bid in the premises on the foreclosure sale without competition in bidding "at as small a sum as possible" and that "if the plaintiff or his assigns would further execute a bond and mortgage in the sum of $8,000 to the defendant upon said premises at Nyack, he, the said defendant, would convey the said premises at Nyack to the plaintiff as agreed between them originally"; that the plaintiff duly consented and agreed to this modification of the contract, and promised to and did refrain from bidding at the sale, and promised that he would execute or procure the execution of a bond and mortgage for the sum of $8.000 to the defendant on the premises in Nyack "as agreed originally"; that defendant was the only bidder at the foreclosure sale, and purchased the premises for the sum of $48,737.14, just sufficient to cover the mortgage indebtedness and expenses of sale, leaving no surplus, but that the premises were at the time worth the sum of $55,000, or the sum of $7,000 over and above all liens and incumbrances; that the referee executed and delivered to defendant a deed of the premises; that thereafter plaintiff "duly offered and tendered to execute and de-

liver" a bond and mortgage for $8,000 as agreed, and demanded that defendant convey to him the premises at Nyack "but that defendant wrongfully and fraudulently refused and still refuses to execute such a conveyance, or to accept the bond and mortgage." Judgment is demanded in the alternative, first, that it be adjudged and decreed that plaintiff has an interest in the premises so purchased by the defendant at the foreclosure sale to the extent of $7,000, and that it be decreed that defendant holds the same in trust for the benefit of the plaintiff to the extent of said sum, and that the premises be sold for the payment thereof, or that defendant be decreed to specifically perform his agreement to convey to plaintiff the premises at Nyack. The demurrer is taken upon the ground that the part of the amended answer designated "a second separate and distinct defense" is insufficient in law upon the face thereof as a defense to the amended complaint. That part of the answer to which the demurrer is interposed alleges that the contract which the plaintiff seeks to enforce rested in parol, and pleads the. statute of frauds as a defense thereto.

Ordinarily, courts of equity are only called upon to decree a specific performance of a contract for the conveyance of real estate, void under the statute of frauds, where the purchaser is in possession. In the case at bar, it is not only not shown that the plaintiff was not permitted to take possession of the premises at Nyack, pursuant to the parol contract, but it appears that the defendant wholly refused performance upon the first request made that he perform. The contract, in so far as it contemplated that the defendant should be permitted to purchase the plaintiff's premises on the foreclosure sale, appears to have been fully executed. It may well be that if that part of the contract by which the defendant agreed to convey the premises at Nyack was sufficiently definite, a court of equity would now enforce specific performance notwithstanding the fact that plaintiff was never in possession thereof. It is therefore extremely doubtful whether the statute of frauds would be a defense, provided the contract set up in the complaint were sufficiently definite to enable a court to enforce specific performance, but it is not necessary to place the decision on that ground. A demurrer searches the pleadings, and if the complaint be insufficient to justify specific performance, the demurrer should have been overruled, even though the statute of frauds would not constitute a defense. The contract by which the plaintiff was to obtain title to the premises at Nyack, as pleaded, is too indefinite to be enforced. The terms and conditions of the bond and mortgage to be executed by the plaintiff as part of the consideration for the transfer are not stated. It is manifest that it was not to be a cash payment, and it is improbable that a bond and mortgage should be executed payable forthwith. According to the contract, as pleaded, the parties did not agree upon the terms and conditions of the bond and mortgage. It needs no argument, therefore, to show that the court cannot decree a specific performance of the agreement of the defendant to convey his premises at Nyack to the plaintiff.

The remaining question is with respect to the prayer that it be adjudged that plaintiff has an interest in and lien upon the prem-

ises formerly owned by him and purchased at the foreclosure sale by the defendant, for the difference between the amount bid by the defendant and the actual value of the property at the time. If the plaintiff had not asked for a specific performance of the defendant's agreement to convey the premises at Nyack, and had confined the prayer for relief to the question of having a lien declared and enforced upon the premises purchased by the defendant, it is probable that the statute of frauds would not have been pleaded as a defense, for it is manifest that it would not deprive a court of equity of authority to prevent the defendant obtaining an unconscionable advantage over the plaintiff. If however, the statute of frauds would constitute a defense to the prayer for a conveyance by the defendant, but not to the prayer for the other relief, the plea should not be held bad on demurrer, for the complaint should be regarded as setting up two causes of action, to one of which the statute of frauds would be a defense and was properly pleaded, although not specifically limited thereto, owing, however, to the plaintiff's failure to plead the facts in separate counts. Moreover, I am of opinion that the complaint is not good with respect to the demand that a lien be declared in favor of the plaintiff on the premises purchased by the defendant. The plaintiff merely shows that the defendant, after the contract was performed in part, refused further performance. There is no sufficient allegation of fraud, and the only attempt to allege is with respect to the defendant's refusal to carry out the contract. There is not a suggestion that he practiced any fraud or deception on the plaintiff in inducing the making of the contract. The defendant did not agree to purchase the premises on foreclosure for the benefit of the plaintiff. There is no basis in the facts alleged for declaring that the plaintiff has an interest in and lien upon the premises to the extent of $7,000 or any other sum. Aside from the contract, the defendant had a right to purchase the premises for his own benefit. If they are to be deemed to have been purchased under the contract by reason of the fact that the plaintiff refrained from bidding or procuring others to bid, then the contract contemplated that the defendant should purchase the premises not for the plaintiff, but for himself. It would seem that the remedy of the plaintiff would be a motion to vacate the order confirming the referee's report of sale, or an action to cancel the sale upon payment of the amount paid by the defendant and interest thereon, or an action for damages for fraud, if fraud can be established; but I see no theory upon which, on the facts pleaded, the plaintiff can be decreed to have a lien upon the premises and defendant be charged as a purchaser for plaintiff. Inasmuch, therefore, as the complaint fails to state a cause af action for any of the relief demanded, the demurrer to the separate defense was improperly sustained.

It follows that the interlocutory judgment should be reversed, with costs, with leave to plaintiff to withdraw the demurrer upon payment of costs of the appeal and costs of the demurrer. All concur.

HOUGHTON, J. I concur in a reversal of the interlocutory judgment on the ground that the defendant has the right to plead the statute of frauds as affecting the relief demanded by the plaintiff in respect to the contract regarding the Nyack property.

I do not concur in that part of Mr. Justice LAUGHLIN'S opinion in which it is stated that the plaintiff is entitled to no relief on the facts pleaded respecting the purchase at foreclosure sale of the 128th street property. Upon the facts stated defendant perpetrated a fraud upon plaintiff, for which he is entitled to relief in equity.

CLARKE, J., concurs.

INGRAHAM, J. I concur in the reversal of this judgment because I think that the defendant had the right to plead the statute of frauds and that it would be a good defense to an action based upon a verbal contract, unless .the plaintiff could prove that the contract had been so performed on his part as would make it a fraud for the defendant to be permitted to escape performance on his part. The complaint simply alleges the making of the contract, and does not allege whether it was oral or in writing. The complaint also alleges facts which the plaintiff claims show performance of the contract on his part. As the statute of frauds to be available as a defense must be pleaded, if the defendant did not plead it and the plaintiff establish the making of a verbal contract, he would then be entitled to enforce it although he failed to prove performance. The allegations of performance on the plaintiff's part are not strictly speaking a part of his cause of action, but an allegation of facts to take the case out of the statute of frauds so as to enable him to recover without proof of a written contract. The cause of action was upon his alleged contract, and it seems to me that it is always proper for a defendant to allege as an answer that a contract sued on was not in writing, and therefore void by the statute, and if that fact is proved the question is then presented as to whether performance by the plaintiff or any other fact is sufficient to .take the case out of the statute of frauds, and justify a recovery notwithstanding the failure to comply with the provisions of that statute. Any other rule would subject a defendant to the danger of being deprived of the benefit of the statute by the plaintiff's merely inserting in his complaint facts which would tend to show that the case was not within the statute, and then enable him to recover on the promise without proof of those facts.

I therefore concur in the reversal of this judgment.